UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 76.255.144.236,

       Defendant.
_____/

CASE NO. 1:14cv376

HON. ROBERT J. JONKER

### ORDER DENYING MOTION TO VACATE COURT ORDER QUASH SUBPOENA, AND TO PROCEED ANONYMOUSLY

Plaintiff in this case has sued the owner of an IP address that has allegedly been used to unlawfully download Plaintiff's copyrighted materials. Attorney Wilson P. Tanner III, appears in this matter on behalf of Defendant John Doe Subscriber Assigned IP Address 76.255.144.236. Defendant moves for vacation of the Court's Order Granting Early Discovery, to Quash Subpoena, and to proceed anonymously.

The subpoena already authorized by the Court is directed to an ISP that can disclose the identity of the person who owns the IP address at issue in the Complaint. Counsel for Defendant is seeking to move on behalf of the actual owner of the address, now labeled only as "Defendant John Doe," to quash the third-party subpoena. The Motion to Quash is denied. Plaintiff has shown good cause for limited, expedited discovery to uncover Defendant John Doe's true identity. See FED. R. CIV. P. 26(d)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Without that information, the litigation cannot proceed, because Plaintiff would be unable to effect service of process upon Defendant John Doe. Plaintiff has used reasonable efforts to identify Defendant John Doe without early discovery, but

1

has garnered only an IP address, not a personal identity. A third party subpoena to AT&T, the ISP associated with that IP address, to provide Plaintiff with Defendant John Doe's true name, address, alternate email addresses, and telephone number is limited and reasonably calculated to uncover the necessary information without imposing an undue burden on AT&T, and without unfairly prejudicing Defendant John Doe. Once Defendant John Doe's identity is known, normal court process can proceed. That process includes a full opportunity for Defendant to defend on the merits. There is no other basis or record to quash under Rule 45(d), even assuming defendant has standing to assert the rights of the subpoenaed party.

Defendant separately seeks permission to proceed anonymously, apparently concerned that disclosure of his or her true identity will be embarrassing. Party anonymity is rarely appropriate, and nothing on the present record justifies it. Defendant will have every right to defend on the merits. Simply being named in a lawsuit does not warrant anonymity, and the Court has not seen abusive litigation tactics by plaintiff in this case, or in the dozens of similar cases plaintiff has filed in this Court with counsel of record.

**THEREFORE, IT IS ORDERED** that the motion to vacate the Court's order granting leave to plaintiff to conduct early discovery, to quash subpoena and to proceed anonymously (docket #7) is **DENIED.**

                                                      /s/Robert J. Jonker
                                                  ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE

Dated: August 27, 2014